IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEIANTHONY BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-0379 |
| | ) | Judge Nixon |
| MICHAEL ASTRUE, | ) | Magistrate Judge Griffin |
| Commissioner of Social Security[1], | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings or Administrative Record ("Plaintiff's Motion") (Doc. No. 14). Defendant ("Defendant" or "Commissioner") has filed a Response in Opposition to Plaintiff's Motion, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. (Doc. No. 18). Magistrate Judge Griffin ("Magistrate Judge") issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the Commissioner be affirmed. (Doc. No 22). Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation ("Objections") (Doc. No. 23). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **ADOPTS** the conclusions of the Magistrate Judge's Report, **AFFIRMS** the Commissioner's Decision, and **DENIES** Plaintiff's Motion for Judgment on the Pleadings or Administrative Record.

**I.     BACKGROUND**

---

[1] Michael J. Astrue is automatically substituted for his predecessor Jo Anne Barnhart as Commissioner of Social Security pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

### A. Procedural Background

Plaintiff filed his application for Supplemental Security Income ("SSI") on September 24, 2002, alleging disability due to attention deficit hyperactive disorder ("ADHD") and asthma, with an alleged onset date of January 1, 1999. (Tr. 55-57). Plaintiff later amended his alleged onset date to September 20, 2002. (Tr. 72, 79). Plaintiff's application for SSI was denied initially on December 5, 2002, and denied upon reconsideration on February 24, 2003. (Tr. 30-39).

A hearing was held before Administrative Law Judge ("ALJ") Mack Cherry on August 20, 2004. (Tr. 333). Plaintiff and his mother, Angela Bean, appeared at the hearing and testified. The ALJ issued an unfavorable decision on December 15, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations ("Act"). (Tr. 19-23). On March 18, 2005, the Appeals Council denied Plaintiff's request for review (Tr. 5-8), and the ALJ's decision became the final decision of the Commissioner.

Plaintiff then filed a timely civil action in this Court seeking judicial review of the administrative decision. Bean v. Soc. Sec. Admin., No. 3:05-0379. This Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3). On August 13, 2009, Magistrate Judge Griffin recommended that Plaintiff's Motion be denied. (Doc. No. 22, at 30). Plaintiff timely objected. (Doc. No. 23).

Plaintiff makes the following three (3) objections to the Magistrate Judge's Report: (1) that the magistrate erred in concluding the ALJ properly determined Plaintiff's impairments did not meet the listings for ADHD and asthma; (2) that the magistrate erred in concluding the ALJ properly determined the mother's testimony regarding Plaintiff's condition was not credible; and

(3) that the magistrate erred in concluding Sentence Six remand under 42 U.S.C. § 405(g) was not appropriate in order to consider new evidence provided to the Court. (Id.)

### B.     Factual Background

The Court adopts that portion of the Magistrate Judge's Report that addresses Plaintiff's medical evidence, vocational history, and the relevant testimony at both of Plaintiff's administrative hearings. (Doc. No. 22, at 2-18).

## II.     STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision; and (2) whether any legal errors were committed in the process of reaching that decision. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

The standards of this Court's review are understood as follows. First, "substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner

if substantial evidence supports the Commissioner's findings and inferences. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. Her, 203 F.3d at 389 (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. Hurst v. Sec'y of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985) (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980)).

Second, to evaluate "legal errors" the Court determines whether the Commissioner applied the correct legal standard to the evaluation. See Preslar v. Sec'y of Health & Human Servs., 14 F.3d 1107, 1113 (6th Cir. 1994). Generally, the Commissioner's determination is entitled to deference by the court. See Whiteside v. Sec'y of Health & Human Servs., 834 F.2d 1289, 1292 (6th Cir. 1987); Merz v. Sec'y of Health & Human Servs., 969 F.2d 201, 203 (6th Cir. 1992); Salamackis v. Comm'r of Soc. Sec., 221 F.3d 828, 832 (6th Cir. 2000).

### III. PROCEEDINGS AT THE ADMINISTRATIVE LEVEL

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" is considered to be any previous work performed by the claimant, as well as any other relevant work that exists in the national economy in significant numbers. In determining whether work exists in the national economy, the ALJ need not consider whether such work exists in the immediate area in which claimant lives, whether a specific job vacancy exists, or

whether claimant would be hired if he or she applied.  42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the issue of childhood disability is considered under a three-step sequential evaluation process as follows:

> 1. If the child is engaged in substantial gainful activity, the Commissioner will determine that he is not disabled and not review the claim further.
>
> 2. If the child is not engaged in substantial gainful activity, the Commissioner will consider his physical or mental impairment(s) first to see if the child has an impairment or combination of impairments that is severe.
>
> 3. If the child's impairment or combination of impairments is so slight that it causes no more than minimal functional limitations, the child does not have a "severe" impairment and is not disabled.  However, if the impairment(s) is severe, the Commissioner will review the claim further to see if the child has an impairment(s) that meets, medically equals, or functionally equals the Listing of Impairments in Appendix 1 to Subpart P of the regulations, 20 C.F.R., Part 404. If the child does not have an impairment (or combination of impairments) that is listed in Appendix 1, or that medically or functionally equals a listed impairment, he or she will be found not disabled.

20 C.F.R. § 416.294.

## IV.   PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

At the outset, the Court notes that Plaintiff, being seven years old at the time of the administrative hearing, has not engaged in substantial gainful activity.  (Tr. 20).  The ALJ, having concluded thus, continued the disability analysis and determined that Plaintiff was not disabled under the Act. (Tr. 20-23).

>    **A.   Plaintiff Objects to the Magistrate Judge's Conclusion that the ALJ Did Not Err in Failing to Conclude that Plaintiff's Impairments Did Not Meet the Listings for ADHD and Asthma.**

-5-

The ALJ determined that Plaintiff's alleged ailments, ADHD and asthma, were medically determinable "severe" impairments under the meaning of the Act, but that Plaintiff does not have an impairment or list of impairments that meets or medically equals a Listing, or functionally equals the severity of the Listing set forth in the Listing of Impairments. (Tr. 22-23). As a result of these findings, the ALJ concluded that Plaintiff is not disabled within the meaning of the Act. (Id.) The Magistrate Judge recommended affirming the findings of the ALJ, concluding that the ALJ used the correct legal standard and made findings supported by sufficient evidence. (Doc. No. 22, at 22-29).

Plaintiff's objection takes aim primarily at the legal standard employed by the ALJ. (Doc. No. 15). Plaintiff argues that both the Magistrate Judge and the ALJ relied on too exacting a standard, and did not place due weight upon the statements of Plaintiff's treating physician and treating psychologist to properly conclude that Plaintiff did not meet the actual, medical, or functional Listing for his impairments. (Id.) For the following reasons, this Court adopts the Magistrate Judge's position that the ALJ used the correct legal standard in determining that Plaintiff is not disabled under the meaning of the Act.

    *1.       Plaintiff's Treating Physicians*

Plaintiff argues that the statements of his treating physicians were not accorded due weight. (Doc. No. 15). Although a treating physician is entitled to deference, such deference is not an absolute. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004); Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987). The treating physician rule is codified at 20 C.F.R.§ 404.1527(d)(2), which states that the weight assigned to a treating physician opinion must be supported by "good reasons." 20 C.F.R.§ 404.1527(d)(2). The treating physician rule

-6-

further states that

> [the Social Security Administration] give[s] more weight to
> opinions from your treating sources, since these sources are likely
> to be the medical professionals most able to provide a detailed,
> longitudinal picture of your medical impairment(s) and may bring
> a unique perspective to the medical evidence.

(Id.)

In the instant case, the ALJ did assign some weight to Plaintiff's treating physicians' testimony. For example, the ALJ considered almost exclusively the reports of Plaintiff's treating physician, Dr. Garrard, to conclude that Plaintiff's asthma, taken as a whole, was not severe. (Tr. 20-22). The ALJ had good reason to do so because Plaintiff's medical documentation concerning his asthma is comprised of records made almost exclusively by Dr. Garrard, or regard treatment supervised or approved by Dr. Garrard. The ALJ therefore placed great weight upon Dr. Garrard's diagnosis.

Furthermore, although three consulting psychologists separately examined Plaintiff for ADHD, and each found that he did not meet, medically equal, or functionally equal the Listing, the ALJ relied upon those findings, coupled with the findings of Plaintiff's treating psychiatrist, Dr. Cheryl Young-Wardell, showing Plaintiff had a less than marked impairment. (Tr. 145, 151, 157, 190-99). Indeed, Dr. Young-Wardell found that Plaintiff did not meet all of the requirements to demonstrate that he has a marked impairment, as required by 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 112.11B (referring to criteria listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 112.02B). (Doc. No. 15, at 20). In fact, the findings of Dr. Young-Wardell support the findings of the consultants. Accordingly, the Court affirms the Magistrate Judge's position that the ALJ used the correct legal standard in evaluating the physician's testimony.

-7-

### 2. *Plaintiff's ADHD*

The ALJ concluded that Plaintiff did not meet the Listing for ADHD, relying upon the criteria set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 112.11A-112.02B2. Part A requires that a child with ADHD must have a marked level of severity in attention, impulsiveness, and hyperactivity. Id. Part B requires the Plaintiff to be impaired in at least two of the following domains: age-appropriate cognitive/communicative functioning; age-appropriate social functioning; age-appropriate personal functioning or difficulties in maintaining concentration, persistence, or pace. Id. The ALJ agreed with the findings of Plaintiff's treating psychiatrist that Plaintiff met Part A of the Listing for ADHD, but found that Plaintiff failed to meet Part B of the listing. (Tr. 20-21). The Magistrate Judge affirmed the standard employed by the ALJ, citing SSA regulations for the proposition that, "in order to be disabled the plaintiff must provide documented medical or historical evidence that establishes that he had a marked impairment in two of the listed domains." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02B. (Doc. No. 22, at 23). The ALJ found, and the Court agrees, that Plaintiff did not provide such evidence.

Plaintiff argues that both the Magistrate Judge and the ALJ relied on too exacting a standard to find that Plaintiff failed to meet Part B of the Listing. (Doc. No. 15, at 19-20). Plaintiff argues that he "fell slightly short on the second part of the listing" as a technical matter only because his treating psychologist found that he had a "less than marked" impairment in age-appropriate social functioning, rather than a "marked" impairment. (Id.) In addition, Plaintiff points to documentation by his treating psychiatrist that he experienced "extreme" hyperactivity and suffered from symptoms of major depressive syndrome during this period in order to support this contention. (Id.)

-8-

However, demonstrating that an impairment meets only some of the criteria is not sufficient to find that a plaintiff is disabled, regardless of the severity of the criteria used. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Therefore, because Plaintiff has not provided medical or historical evidence that indicates a marked impairment in two domains, as required by statute, his documentation regarding the severity of his hyperactivity and diagnosis for depression, a mental disorder that was not alleged to be disabling, does not overcome his failure to meet the criteria for the Listing.

Nor do Plaintiff's arguments pass muster that he meets the functional equivalent of the Listing. For a child's impairments to functionally equal a Listing, he must have "marked limitations" in two (2) out of six (6) specified domains or an "extreme limitation" in one (1) of the six (6) specified domains. 20 C.F.R. § 416.926a(a). Plaintiff has neither. Furthermore, Plaintiff has completely neglected the factors provided in the regulation, and instead relies on the argument that his symptoms of hyperactivity and depression limit him in a manner that suits the functional equivalent. (Doc. No. 15, at 19-20). The Court believes Plaintiff misconstrues the meaning of functional as it applies to the Listing. Plaintiff's depression and hyperactivity are not functional equivalents under this definition.[2] For these reasons, and because Plaintiff has offered no medical or historical evidence to the contrary, the Court agrees with the findings of the ALJ and the Magistrate Judge that Plaintiff does not meet the actual or medical equivalent of the Listing for ADHD. Accordingly, the Court affirms the Magistrate Judge's position that the ALJ used the correct legal standard, and affirms the ALJ's finding that Plaintiff's ADHD is not

---

[2] Furthermore, the evidence is inapposite to Plaintiff's claims. According to various doctors' reports, Plaintiff's mother has repeatedly acknowledged that Plaintiff exhibits good behavior when he takes his medication. (Tr. 181, 213, 215, 217, 222, 225, 227, 241). In addition, Plaintiff is advancing in school at a normal pace and has not been held back nor assigned to special education classes. (Tr. 355).

disabling.

### 3. *Plaintiff's Asthma*

The Court adopts the Magistrate Judge's position that the ALJ used the correct legal standard to conclude Plaintiff's asthma is not disabling. (Doc. No. 22, at 25-27). Yet Plaintiff's treating physician's Asthma Questionnaire ("Questionnaire") on February 2, 2003, would appear to bring Plaintiff under the Listing for asthma, but this fact was overlooked by the ALJ and Magistrate Judge. 20 C.F.R. Pt. 404, Supt. P, App. 1, § 103.3B. (Tr. 163-65).

However, this is harmless error. It is true, according to the Questionnaire, that despite prescribed treatment, Plaintiff occasionally required physician intervention at least six (6) times a year, but not once every two (2) months, for the treatment of asthma. (Id.) However, there is sufficient evidence in the record following the filing of this Questionnaire to support the ALJ's finding that such impairments were sporadic and resolving, and so would not significantly impact Plaintiff's exertional abilities. (Tr. 20). Plaintiff's mother testified that Plaintiff's symptoms were treatable at home with a nebulizer. (Tr. 355). Plaintiff even testified that he plays sports and engages in normal outdoor activities. (Tr. 362-63). The Court concludes this testimony is adequate to suggest that substantial evidence exists to support the ALJ's finding that Plaintiff's asthma is not disabling.

### 4. *Plaintiff's Combined Impairments*

The law of this Circuit holds that "[d]isability may be established by a claimant suffering from a variety of medical problems no one of which might be sufficiently disabling to prevent substantial gainful employment, but when taken together have that result." Mowery v. Heckler,

-10-

771 F.2d 966, 971 (6th Cir. 1985); see also Hurst v. Schweiker, 725 F.2d 53, 55-56 (6th Cir. 1984); Allen v. Califano, 613 F.2d 139, 147 (6th Cir. 1980).  It is thus imperative to a determination of disability that all of a claimant's impairments be given due consideration.

However, the record and our discussion, *supra*, demonstrate that neither Plaintiff's ADHD nor his asthma necessitates a finding of a disability, either in and of itself, or in combination with one another.  In addition to the aforementioned reasons denying Plaintiff's claim, Plaintiff's daily quality of life is not compromised as a result of his impairments.  Both the objective evidence and subjective testimony show that Plaintiff makes good grades at school, takes part in conversations with other children, plays sports and video games, cares for the family's three dogs, and is able to take care of personal needs such as dressing himself, brushing his teeth, and putting away his toys. (Tr. 64-71, 355, 357, 362).  His asthma is controlled.  He is able to participate in activities that are normal for young boys his own age, and his ADHD has been controlled with medication, counseling, and consistent discipline by his mother.

That Plaintiff might experience an occasional lapse in good judgment is not unexpected for a boy of his age, let alone one who is under psychiatric treatment for ADHD.  Nor does the occasional use of a nebulizer constitute a severe impairment.  Although we sympathize with Plaintiff's mother regarding the difficulties of raising a hyperactive child, taken separately or in combination, Plaintiff's impairments do not qualify him as disabled under the Act.  The ALJ's finding is therefore AFFIRMED.

> **B.**     **Plaintiff Objects to the Magistrate Judge's Conclusion that the ALJ Did Not Err in Finding the Mother's Testimony Was Not Credible.**

The ALJ found the subjective complaints regarding the severity of Plaintiff's

-11-

impairments were not fully credible. (Tr. 22-23). To make such a finding, the ALJ followed the legal standard set forth under 20 C.F.R. § 416.929. The determination of disability under this standard is a two-step process. (Id.) First, there must be objective medical evidence to establish that Plaintiff has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged or functional limitations in a child. (Id.) Second, once this threshold has been cleared the ALJ must consider all of the available subjective evidence to evaluate the alleged intensity and persistence of Plaintiff's symptoms. (Id.)

The ALJ in this case found that, in light of the medical evidence, records, and testimony, Plaintiff does not have such functional limitations; and in weighing the subjective evidence provided by the testimony of Plaintiff and his mother, and the reports of teachers and mental health case managers, the ALJ found the subjective evidence regarding the severity of Plaintiff's complaints was not fully credible. (Tr. 23). The ALJ's conclusions are entitled to great deference. See Salamackis, 221 F.3d 828, 832; Merz, 969 F.2d 201, 203; Whiteside, 834 F.2d 1289, 1292. We defer to the ALJ's expertise, and find that there is substantial evidence to support the ALJ's findings.

However, Plaintiff contends that the ALJ wrongfully found his mother's testimony not fully credible. (Doc. No. 15, at 21). Plaintiff makes several arguments. (Doc. No. 15, at 20-23). Chief among these is the contention that teachers, medical professionals, and health care workers have made observations about his ADHD similar to those conveyed to the ALJ by his mother. (Doc. No. 15, at 22). He also argues that psychiatrists frequently changed his ADHD medication despite his mother's complaints that the medication was working well. Plaintiff argues that "[m]edication is not changed if all is well." (Id.) However, Plaintiff's mother is not a doctor, and

-12-

subjective observations do not a medical diagnosis make.  Finally, Plaintiff points to portions of his mother's testimony that are verified by the record itself to show that her testimony was "hardly the testimony of an exaggerator," as the ALJ claimed.  (Doc. No. 15, at 23).

In making this argument, Plaintiff fails to recognize that his mother's credibility is not on trial here.  The ALJ did not formally conclude that the mother herself was not at all credible; merely that her testimony conflicted at times with the record. (Tr. 22).  In fact, the ALJ found that the evidence, taken in its entirety, did not support Plaintiff's claims. (Tr. 22-23).  Furthermore, the substantial evidence standard, *supra*, requires only "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion," and the decision must stand if substantial evidence supports the conclusion reached . Her, 203 F.3d 388, 389.  The legal standard to be met by the ALJ is not by a preponderance of the evidence, as Plaintiff perhaps hopes to show by injecting pieces of the record that support his mother's claims.  Rather, the ALJ adheres to a standard that requires little more than a scintilla of evidence.

The ALJ found more than a scintilla to conclude Plaintiff is not disabled.  Plaintiff's mother has repeatedly acknowledged that Plaintiff exhibits good behavior when he takes his medication.  (Tr. 181, 213, 215, 217, 222, 225, 227, 241).  Furthermore, Plaintiff has seen a number of medical doctors, psychologists, case workers and psychologists, and it is simply not plausible that every single one of these health care professionals would misconstrue his mother's beliefs about her son's health and behavior, as her testimony suggests. (Tr. 353-54).  Plaintiff further contradicts his mother's testimony by stating that his mother complained the doctors were changing his medication even though it was working, whereas her testimony outright stated that she never said his ADHD medication was working.  (Tr. 353-54; Doc. No. 15, at 22).  Yet

-13-

even without Plaintiff's mother's testimony, reasonable minds could arrive at the ALJ's conclusion by examining over three hundred pages of evidence containing teacher and case worker reports about Plaintiff's behavior, medical reports that refute Plaintiff's claims about the severity of his asthma, and Plaintiff's own testimony about his well-being and health. This evidence is more than adequate for reasonable minds to conclude that the Plaintiff's mother's testimony is, at times, inconsistent with the record. For these reasons, the Court AFFIRMS the ALJ's finding.[3]

### C. Plaintiff Objects to the Magistrate Judge's Conclusion that Sentence Six Remand Under 42 U.S.C. § 405(g) Is Inappropriate to Consider the New Evidence Provided to the Court.

In response to the Magistrate Judge's Report, Plaintiff timely filed a Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 405(g) of the Social Security Act ("Sentence Six").[4] (Doc. No. 23). In a Sentence Six remand, the district court does not affirm, modify or reverse the Commissioner's decision. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Rather,

---

[3] Although this Court defers to the ALJ's findings, we also note that the ALJ's criticism of Plaintiff's mother is unnecessarily condescending. The ALJ's decision gives the misleading impression that the mother is an unfit parent. Such a scathing observation is not deserved.

Plaintiff's mother has followed the parenting advice of various health workers and medical professionals. She has taken steps to alleviate her son's asthma by banning smoking in the home and keeping pets outside. She has further taken steps to control Plaintiff's behavior, using alternate discipline means suggested by these professionals and working in concert with Plaintiff's school to monitor his behavior. While the ALJ may not approve of smoking or the mother assigning Plaintiff to the care of the family's dogs, there is no denying that she cares greatly for her son. The ALJ's personal theories about dog fur and asthma are not based on any evidence in the record.

In short, the mother is to be commended for her efforts, not condemned. In fact, her continued efforts demonstrate that Plaintiff's health is significantly improving as household conditions are modified. Indeed, the fruits of such efforts since Plaintiff's diagnoses are just the type of subjective proof that refute Plaintiff's case and provide that "more than a scintilla" of evidence demonstrating that Plaintiff is not disabled.

[4] Plaintiff's motion calls for Sentence Six remand under 42 U.S.C. § 1383(c)(3). We believe this to be a typographical error, as § 1383(c)(3) consists of only two sentences and establishes a system of accountability for SSI payees. That is to say there is no sixth sentence in § 1383(c)(3). This section does not address remand or reversal in the least, and it would not provide the relief Plaintiff seeks. Furthermore, Plaintiff asks for Sentence Four remand under 42 U.S.C. § 405(g). Therefore, given the circumstances of this case and the plain meaning of § 1383(c)(3), we reasonably conclude and proceed with the Magistrate Judge's premise that Plaintiff likely meant to request Sentence Six remand under 42 U.S.C. § 405(g). (Doc. No. 22, at 29).

Sentence Six authorizes the court to remand a case to the Commissioner for further action. See id. at 100. Such remand may be ordered when new, material evidence is produced that was for good cause not presented before the agency. See id. at 89, 99-100, 100 n.2.

The issue before the Court is whether, in light of new evidence procured by Plaintiff, such remand is proper. The evidence at issue concerns two previously undisclosed teachers' notes and case worker progress notes. (Doc. No. 22, at 29-30). It is undisputed that these notes constitute new evidence simply because they were not introduced in the prior proceedings. However, the Court is not convinced of their materiality.

Even if the evidence could support a different conclusion, the substantial evidence standard requires deference to the ALJ. Her, 203 F.3d 388, 389. Here, the opinion of one more case worker is not likely to shift the existing substantial evidence supporting the ALJ's decision. The record contains the opinions of several treating and consulting psychiatrists and psychologists, as well as past case workers. The case worker notes already in evidence, for example, show steady improvement in Plaintiff's home life and behavior at school. It is hardly plausible that one more case worker report is going to alter the record to undermine the ALJ's finding.[5] Furthermore, given the wealth of teacher's reports, medical reports, and case worker reports in evidence, it is highly unlikely that two teacher's notes will substantially color the ALJ's opinion in this matter. Sentence Six remand is therefore denied for lack of materiality.

In the alternative, Plaintiff requests that we reject the Magistrate Judge's Report, or issue

---

[5] This evidence is seemingly being offered to vindicate Plaintiff's mother from the ALJ's *ad hominem* attack on her parenting skills. However, according to the Magistrate Judge, the new evidence only demonstrates further inconsistencies in the mother's testimony. Again the standard to be met here is merely "such reasonable evidence as a reasonable mind would accept as *adequate* to support the conclusion." Her, 203 F.3d 388, 389 (emphasis added).

"a [S]entence [F]our remand under [42 U.S.C. § 405(g)] . . . with an order to make a favorable determination of Plaintiff's claim or an order to make a decision free of the errors committed by the Secretary." (Doc. No. 23, at 2). For the reasons discussed, the Court finds no such errors and ADOPTS the Magistrate Judge's report.

**V.     CONCLUSION**

The Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act on sufficient evidence is proper such that a remand is not necessary. For the reasons stated above, this Court **ADOPTS** the conclusions of the Magistrate Judge's Report, **AFFIRMS** the Commissioner's Decision, and **DENIES** Plaintiff's Motion for Judgment on the Pleadings or Administrative Record.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT